Filed 9/8/16  P. v. French CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH ANDREW FRENCH,<br><br>    Defendant and Appellant. | 2d Crim. No. B268190<br>(Super. Ct. No. SA080855)<br>(Ventura County) |

Joseph Andrew French was on a grant of postrelease community supervision (PRCS) (Pen. Code, § 3450 et seq.) following his release from prison for driving under the influence causing injury.  (Veh. Code, § 23153, subd. (a).)  He was subsequently arrested while in custody and charged with possession of methamphetamine by an inmate and with a prior strike.  (Pen. Code ,§§ 4573.6, 667, subd. (b).)  While represented by counsel and facing a maximum term of 12 years in state prison, he agreed to plead guilty to the charge and admit that he violated his grant of PRCS.  As part of the "bargain," he was advised that for the methamphetamine possession he would receive a grant of probation, including a term that he serve 365 days in jail, and that for the PRCS violation he would serve a consecutive 180 days in jail.  It was also understood that to be eligible for such a disposition, the court would strike the prior serious felony conviction.

It was with full knowledge of his rights and these consequences and with the consent of his counsel, that he entered his plea. At sentencing the court kept its promise. No objection was voiced by appellant or his counsel. Appellant now voices his displeasure with the "deal." His unhappiness is with the consecutive term of 180 days in jail ordered for the PRCS violation.

We decline to further review the matter. (*People v. Scott* (1994) 9 Cal.4th 331, 351 ["In order to encourage prompt detection and correction of error, and to reduce the number of unnecessary appellate claims, reviewing courts have *required* parties to raise certain issues at the time of sentencing. In such cases, lack of a timely and meaningful objection forfeits or waives the claim"].) Not only was no objection raised to the court's orders, these orders were sought by defendant and his counsel.

The judgment (order) is affirmed.

NOT TO BE PUBLISHED.

PERREN, J.

We concur:

YEGAN, J., Acting P. J.

TANGEMAN, J.

2

Patricia M. Murphy, Judge

Superior Court County of Ventura

_____

Stephen P. Lipson, Public Defender, and Michael C. McMahon, Chief Deputy Public Defender for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Shawn M. Webb, Supervising Deputy Attorney General, and Paul S. Thies, Deputy Attorney General, for Plaintiff and Respondent.